## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SPARKLES WILSON, a/k/a
Steven Fritz,

   Plaintiff,

   v.

LACKAWANNA COUNTY, et al.,

   Defendants.

CIVIL ACTION NO. 3:19-cv-01510

(WILSON, J.)
(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

This is a counseled prisoner civil rights action which comes before the court on the plaintiff's motion to compel discovery. (Doc. 32). The complaint alleges that the plaintiff, Sparkles Wilson (a/k/a Steven Fritz), is a transgender female, and while she was incarcerated at Lackawanna County Prison, Wilson was housed on a male block. The complaint alleges that Wilson was attacked by another inmate and sustained broken bones to her face, which required surgery. It is further alleged that the defendants knew of the danger that Wilson would be attacked by the other inmate. The defendants do not dispute that Wilson was physically assaulted by another inmate in the prison, but they claim that it was an unforeseeable incident.

## I.     Statement of Facts

As we write for the parties, we only include those facts pertinent to the matter before us.   The case management deadlines have been extended on four occasions.   The plaintiff moved to extend the deadlines on each of those occasions.   Defense counsel concurred in those motions on two occasions.   Despite our granting these deadline extensions, it does not appear that the plaintiff was overly diligent in engaging in discovery. Nevertheless, we have been mindful of the disruption throughout the world and the United States brought about by the COVID-19 pandemic. As a result, we were flexible about extending case management deadlines during this period of disruption and uncertainty.   In our last scheduling order, however, we advised the parties that there would be no further case management deadline extensions.  (Doc. 31.)

During our June 22, 2021, telephonic conference with counsel on the plaintiff's last motion to extend the deadlines, counsel for the plaintiff orally requested to dispense with our procedure to notify the court of a discovery dispute before engaging in motions practice.  We granted the oral motion and permitted the plaintiff to file the instant motion to compel.  The motion alleges that the defendants have objected to several

interrogatories, and the plaintiff now moves to compel the defendants' answers.

In addition to the motion papers and briefs we have also reviewed the plaintiff's interrogatories (Doc. 33-1) and the responses and objections (Doc. 33-2) served by the defendants. The defendants' have asserted identical objections to each interrogatory to which they object. The defendants' objections refer to Wilson's deposition testimony regarding the sequence of events during of the incident, her subsequent medical treatment, and her return from the hospital. Further, the defendants assert that the assault had nothing to do with the plaintiff being transgender, but rather because she was suspected of "ratting." Consequently, the defendants contend that the information requested is not relevant. For the reasons set forth herein, we will grant the motion to compel.

## II.   *Legal Standards*

The federal courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995), and the federal rules have long permitted broad and liberal discovery. *Pacitti v. Macy's,* 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Rule 26(b)(1),

parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350 (1978).

> Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence.

*Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citations omitted). When the Court is presented with a motion to compel discovery,

> [t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

4

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

## III.   *Discussion*

In the plaintiff's brief in support of the motion, Wilson maintains that the defendants objected to, and refused to respond to, fourteen of the twenty-two interrogatories served.   In a June 22, 2021, telephonic conference with the court on the plaintiff's motion to extend case management deadlines, it was brought to the court's attention that the parties had a discovery dispute regarding these outstanding answers to interrogatories.   During the conference, plaintiff's counsel orally requested permission to file a motion to compel discovery without first requesting a telephonic conference.   We granted the motion and directed that a motion and supporting brief be filed by June 29, 2021. (Doc. 31). We also directed that the defendants file an opposition brief seven days after the filing date of the motion to compel and support brief. (*Id.*)

Wilson filed the motion to compel on June 30, 2021, one day late. The defendants timely filed an opposition brief arguing that the court should deny the motion to compel because it was not filed on or before June 29, 2021, but rather one day later, on June 30, 2021.   On July 6, 2021, following a review of the defendants' response arguing that we deny

the motion as untimely filed, we summarily denied that request and, in the exercise of our discretion, we directed the defendants to file a second brief addressing the merits of the motion.   (Doc. 31). Thereafter, the defendants timely filed their second brief in opposition to the plaintiff's motion to compel discovery.  (Doc. 37). In that brief, the defendants once again extensively argued the untimeliness of the motion to compel but they argued only generally that the requested discovery is overly broad, burdensome, and not designed to obtain relevant information in light of the sworn deposition testimony of the plaintiff.

### a.    *Timeliness of the motion to compel*

The defendants continue to argue that the court should deny the motion to compel because it was not timely filed.  Despite our order directing the plaintiff to file a motion to compel and a support brief by June 29, 2021, the plaintiff filed the subject motion to compel and supporting brief one day late, June 30, 2021.  We exercised our discretion and denied the defendants' request to deny the motion to compel on the issue of timeliness. In the exercise of our discretion, we considered that we had extended the discovery deadline to August 30, 2021.  In addition, no trial date has been set, and therefore we found no prejudice to the

defendants under these circumstances.  Nevertheless, mindful of the plaintiff's history of a lack of attention to the dates of the deadlines in this case, we advised the parties that no further extensions of the deadlines would be permitted.  (Doc. 31 ¶ 3.)   Thus, we find no further need to revisit our order of July 6, 2021, denying the defendants' request that we deny the plaintiff's motion to compel as untimely filed.

### b.    *Merits of the motion to compel discovery*

As we indicated above, it is the defendants' burden as the objecting parties to demonstrate in "specific terms" why a discovery request is improper.  *Clemens,* 300 F.R.D. at 226.  Rather than address the specific interrogatories which the plaintiff moves to compel answers, the defendants argue in conclusory fashion that the plaintiff's deposition testimony does not involve claims relating to policy or custom that resulted in the deprivation of the plaintiff's constitutional rights. Further, the defendants maintain generally that the discovery sought is overly broad, burdensome, and not designed to obtain relevant information.

The defendants' objections are identical to each of the interrogatories.   Neither the objections nor the defendants' briefs

address, in specific terms, the defendants' contention that the information sought in each interrogatory is not relevant to the plaintiff's claims. Rather, the defendants argue generally that "the information requested is not relevant to the relatively simple incident described by the Plaintiff." (Doc. 33-2).

The burden lies with the defendants as the objecting parties. They have not demonstrated in specific terms why the information sought in the interrogatories is improper. Therefore, we will order the defendants to answer the interrogatories identified in the motion to compel.

An appropriate order follows.

<u>**s/Joseph F. Saporito, Jr**</u>.
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated:  July 20, 2021